**IN THE SUPERIOR COURT OF GUAM**

JOAQUIN V. LEON-GUERRERO,      )       Civil Case No. CV1019-19
     )
     Plaintiff,      )
     )
     vs.      )
     )
GOVERNMENT OF GUAM, GUAM      )      **DECISION AND ORDER**
DEPARTMENT OF ADMINISTRATION,      )
and EDWARD BIRN, in his capacity as its      )
Director,      )
     )
     Defendants.      )
     )

**INTRODUCTION**

This matter is before the Honorable Roberto C. Naraja on Defendants Government of Guam, the Department of Administration, and Edward Birn's (collectively "the Government") Motion to Dismiss. The Government is represented by Assistant Attorney General Robert M. Weinberg. Plaintiff Joaquin V. Leon-Guerrero ("Leon-Guerrero") is represented by Attorney Braddock J. Huesman. For the reasons set forth below, the Court **GRANTS** the Government's Motion to Dismiss.

ORIGINAL

## BACKGROUND

On April 1, 2019, the Department of Administration ("DOA") issued a request seeking proposals for Group Health and Dental Insurance for Government employees ("the RFP"). The RFP required all bidders to submit a proposal by May 3, 2019. Pursuant to Public Law 35-2, the RFP required that Guam Regional Medical City ("GRMC"), the only private hospital on Guam, be included in the bidder's in-network.

On August 20, 2019, Leon-Guerrero filed a Verified Complaint for Injunctive and Declaratory Relief in the Superior Court of Guam. The Verified Complaint alleges that DOA illegally delegated its sovereign power by including the requirement that GRMC be in a bidder's in-network.

On October 21, 2019, the Government filed its Motion to Dismiss. On November 18, 2019, Leon-Guerrero filed his Opposition. On December 2, 2019, the Government filed its Reply. The Court held a Motion Hearing on February 20, 2020, and subsequently took this matter under advisement.

## DISCUSSION

Leon-Guerrero brings suit as a taxpayer seeking declaratory and injunctive relief to prevent the implementation of an amendment to the law that governs the procurement of group health insurance for Government employees and retirees. Leon-Guerrero argues that Public Law 35-2 illegally delegates the Government's sovereign authority to determine which insurance companies may bid on the procurement, which he characterizes as the Government's "Gatekeeper Function," to GRMC. The Government argues that Leon-Guerrero lacks standing to challenge Public Law 35-2.

ORIGINAL

### a. Standing under the Guam Taxpayer Law.

Standing is a component of subject matter jurisdiction. *Taitano v. Lujan*, 2005 Guam 26 ¶ 15 ("If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim."). The Guam Enforcement of Proper Government Spending Act ("Taxpayer Law") states that "[a]ny taxpayer who is a resident of Guam shall have standing to sue the government of Guam . . . for the purpose of enjoining . . . the government of Guam from expending money without proper appropriation, without proper authority, illegally, or contrary to law . . . " 5 G.C.A. § 7103. "Taxpayer standing statutes traditionally enable 'taxpayers' to challenge governmental acts that may otherwise go unchallenged because of standing requirements." *Attorney Gen. of Guam v. Gutierrez*, 2011 Guam 10 ¶ 27.

### b. The Legislature cannot remove the requirement of constitutional standing.

"'[T]raditional standing requirements' expressed in Article III [] apply to claims asserted in Guam's courts." *In re A.B. Won Pat Int'l Airport Auth.*, 2019 Guam 6 ¶ 16. "Constitutional standing is a necessary prerequisite to pursuing relief in *all* cases filed in the courts of Guam, and the legislature cannot remove the requirement of constitutional standing by statute." *Id.* ¶ 19 (emphasis in original). The Supreme Court clarified that the doctrine of "statutory standing" establishes that "the legislature may impart a judicially-cognizable injury upon a particular class of persons to establish an injury in fact where one would otherwise have been too abstract under a constitutional-standing inquiry. Put differently, the legislature may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law." *Id.* ¶ 20 (internal citations and quotations omitted). However, "[t]he legislature's role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports

ORIGINAL

to authorize that person to sue to vindicate that right." *Id.* (internal citations and quotations omitted).

Leon-Guerrero cites to *Santos v. Calvo*, in which the Appellate Division of the District Court of Guam determined that a party had general common law taxpayer standing to sue to enjoin spending by a public official.[1] *Santos v. Calvo*, Civ. No. 80-0223A, 1982 WL 30790 (D. Guam App. Div. Aug. 11, 1982). The *Santos* court further held that a taxpayer "is not required to allege that the challenged action has caused him sufficient injury to insure that he has a personal stake in the outcome of the litigation." *Id.* However, *Santos* predates *In re A.B. Won Pat* and the two are not compatible. This Court therefore does not find *Santos* to be controlling on this issue. *See Pac. Rock Corp. v. Dep't of Educ.*, 2000 Guam 19 ¶ 27 n.4 ("Appellate Division opinions . . . are only considered persuasive authority . . . and we will . . . divert from such precedents [where] reason supports such deviation."); *accord People v. Mendiola*, 2015 Guam 26 ¶ 10.

Leon-Guerrero also cites to *Asato v. Procurement Policy Bd.*, 132 Haw. 333 (2014), in which the Supreme Court of Hawaii held that a plaintiff need not demonstrate particularized harm in order to bring suit under Hawaii's taxpayer standing law. The Supreme Court of Hawaii held that courts of Hawaii are not bound by the U.S. Constitution's Article III, § 2 "cases or controversies" requirement. *Id.* at 344. In abandoning this requirement, the Supreme Court of Hawaii formulated an approach to standing that is inconsistent with Guam law as articulated in *In Re A.B. Won Pat*. The *Asato* opinion is therefore unpersuasive.

---

[1] *Santos v. Calvo* was decided prior to the enactment of Guam's Taxpayer Law, but the court found that the petitioner had common law taxpayer standing.

ORIGINAL

### c. Leon-Guerrero's 'taxpayer' status does not grant him constitutional standing.

Having determined that a party may not bring a lawsuit on Guam without establishing constitutional standing, the Court turns to whether Leon-Guerrero has satisfied this requirement. To establish constitutional standing, a party must show: (1) "it has suffered an 'injury in fact'"; (2) "that the injury can be fairly traced to the challenged action taken by the defendant"; and (3) that "it is likely and beyond mere speculation that a favorable decision will remedy the injury sustained." *Guam Mem'l Hosp. Auth. v. Superior Court*, 2012 Guam 17 ¶ 10. "The legislature may not remove the constitutional standing minima of an injury in fact, causality, and redressability." *In re A.B. Won Pat Int'l Airport Auth.*, 2019 Guam 6 ¶ 20.

The United States Supreme Court has repeatedly examined taxpayer standing laws and held that a party cannot establish constitutional standing merely by virtue of being a taxpayer. A plaintiff lacks standing when "raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573 (1992). The Supreme Court "repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 482–83 (1982) (internal quotation marks omitted). "Absent special circumstances, however, standing cannot be based on a plaintiff's mere status as a taxpayer. This Court has rejected the general proposition that an individual who has paid taxes has a continuing, legally cognizable interest in ensuring that those funds are not used by the Government in a way that violates the Constitution. This precept has been referred to as the rule against taxpayer standing." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotations and citations omitted). However, "[t]hat an

ORIGINAL

injury may be widely shared [] does not automatically render it unsuitable for [establishing a party's constitutional] standing." *Doe v. Pub. Citizen*, 749 F.3d 246, 263 (4th Cir. 2014) (holding that a member of the public suffers an 'injury in fact' when denied access to public documents due to a judicial sealing order). "The Supreme Court consistently has held that a plaintiff suffers an Article III injury when he is denied information that must be disclosed pursuant to a statute, notwithstanding '[t]he fact that other citizens or groups of citizens might make the same complaint after unsuccessfully demanding disclosure.'" *Id.* (quoting *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449–50 (1989)).

In *In Re A.B. Won Pat*, the petitioner claimed standing pursuant to 5 GCA § 8115(a), which provides that "[a]ny person shall have standing to sue for the enforcement of th[e] [Open Government Law]." 5 GCA § 8115(a). Despite the broadness of this provision, the Supreme Court held that it "does not grant all citizens standing to sue under the [Open Government Law]; a citizen must still establish that he or she has suffered a concrete injury." *In re A.B. Won Pat Int'l Airport Auth.*, 2019 Guam 6 ¶ 23. The Court ultimately found that the petitioner suffered a concrete injury, and therefore had constitutional standing, due to the fact that it had sought public information but been denied. *Id.* ¶ 24.

In contrast to the petitioner in *In Re A.B. Won Pat*, Leon-Guerrero has not established that he suffered a concrete injury by the passing or implementation of Public Law 35-2. The Guam Taxpayer Law cannot abolish the requirement that a plaintiff suffer a concrete injury. Pursuant to the case law of the Guam Supreme Court and the United States Supreme Court, Leon-Guerrero's position as a taxpayer is not sufficient to grant him constitutional standing.

ORIGINAL

## CONCLUSION

The Court holds that Leon-Guerrero lacks standing in this matter. The Court therefore will not reach the question of whether the Complaint fails to state a claim upon which relief can be granted. For the reasons above, the Court **GRANTS** the Government's Motion to Dismiss.

SO ORDERED, this 3rd day of March, 2020.

_____
The Honorable Roberto C. Naraja
Judge *pro tempore*
Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
HUESMANN
AG
Date: 3/4/20 Time: 8A
Deputy Clerk, Superior Court

ORIGINAL